CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
OCT 14 2010
JULIA C. DUDLEY, CLERK
BY: Kay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:98-CR-50103-3 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| MICHAEL DARNELL JENKINS | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Pursuant to its authority under 28 U.S.C. § 994(u), the United States Sentencing Commission amended the federal sentencing guidelines applicable to crack cocaine offenses, and decided that, effective March 3, 2008, Amendment 706 (the "Crack Cocaine Amendment") of the United States Sentencing Guidelines applies retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are still incarcerated.

Defendant Michael Darnell Jenkins, federal register number 01893-007, filed a motion (docket no. 87) under 18 U.S.C. § 3582(c), which permits a court to reduce a defendant's term of imprisonment where the defendant was sentenced based on a sentencing range that has been subsequently lowered by the Sentencing Commission. I have reviewed this defendant's case, and defendant is eligible for a sentence reduction under the amendment. The Government was directed to file objections to the motion, but filed none.

On November 16, 1999, this court[1] sentenced defendant for the offense of conspiracy to distribute cocaine base, cocaine, heroin and marijuana. At sentencing, the court adopted the presentence report as written,[2] including the total offense level of 32 (based on a base offense level

---

[1] Defendant was sentenced by Judge James H. Michael, Jr. Judgment was entered on November 18, 1999.

[2] The presentence report discussed defendant and his co-defendants' distribution of controlled
(continued...)

of 30) and a criminal history category of VI, which resulted in a guideline imprisonment range of 210 to 262 months. After a motion for substantial assistance, Defendant was sentenced to a term of imprisonment of 156 months (96 months of which were to run concurrently with the sentence of 23 years to life he was serving on a conviction of murder in the Superior Court of the District of Columbia), to be followed by 48 months of supervised release.

Applying the crack amendment adjustment, defendant's recalculated base offense level is now 28. Adding two levels because the drug distribution occurred in a state correctional facility and another three levels for his role in the offense results in a adjusted offense level of 33. With a three-level reduction for acceptance of responsibility, his subtotal offense level is 30. However, he is also a career offender, which imposes a greater base offense level of 34; after reducing three levels for acceptance of responsibility, his total offense level becomes 31. With a criminal history category of VI, his new guideline imprisonment range is 188 to 235 months. Although defendant is currently serving a sentence of 23 years to life for murder,[3] and the conviction in the instant case is lodged as a detainer against him, I will nonetheless grant the motion.

Defendant's original term of imprisonment in the instant case was 156 months, which I will reduce to 139 months (96 months of which are to run concurrent with the term of imprisonment previously imposed by the Superior Court of the District of Columbia), to be followed by 48 months

---

[2] (...continued)
substances within a correctional institution. It further noted that the conspiracy involved at least 50 grams of heroin, one kilogram of cocaine base, two kilograms of cocaine powder, and 400 grams of marijuana (which converted to marijuana equivalent of 20,450.4 kilograms). The report found defendant responsible for an amount of heroin, cocaine base, cocaine, and marijuana equivalent to 700 to 1000 kilograms of marijuana.

[3] It appears that defendant's first parole-eligible date on that sentence is July 3, 2021.

of supervised release.[4] Except as otherwise provided, all provisions of the judgment entered on November 18, 1999, shall remain in effect.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to the following: the defendant; the United States Probation Office for the Western District of Virginia; to all counsel of record; to the United States Marshal; and to the United States Bureau of Prisons.

Entered this 14th day of October, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[4] Upon the government's motion (as a result of defendant's substantial assistance), the previous term of imprisonment was less than the guideline range applicable to defendant at the time of sentencing, and the reduced sentence of 139 months reflects a comparable departure.